Grant H. Lawson WSB #6-4260
Tamara Schroeder Crolla WSB # 6-3976
Metier Law Firm, LLC
4828 S. College Ave.
Fort Collins, Co 80525
(307)-237-3800 Office
(970) 225-1476 Fax
grant@metierlaw.com
tami@metierlaw.com
Attorneys for Plaintiffs



# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| RENNY HARVEY and MICHELLE SMITH, husband and wife, | )<br>)<br>) |
| Plaintiffs, | )<br>) CIVIL NO. 20-CV-39- NDF |
| vs. | )<br>) |
| KILLPACK TRUCKING, INC, an Idaho For Profit Corporation, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs, by and through their attorneys, Grant H. Lawson and Tamara Schroeder Crolla of Metier Law Firm, LLC, for their claims for relief against the Defendant, Killpack Trucking, Inc., state and allege as follows:

### PARTIES

1. At all times relevant to the facts alleged in this Complaint, Plaintiffs, Renny Harvey and Michelle Smith, were citizens of the state of Georgia. Plaintiffs are husband and wife.

2. At all times relevant to the facts alleged in this Complaint, Defendant, Killpack Trucking, Inc. (hereinafter "Killpack"), was an Idaho corporation with its principal place of business at 4000 W 65th St, Idaho Falls, ID.

3. Defendant Killpack, as a motor vehicle operator on a public roadway, had a duty to:

   a. Be alert when watching the roadway;

   b. See what is plainly visible;

   c. Never drive too fast for conditions;

   d. When approaching a roadway obstruction, promptly slow;

   e. To exercise reasonable care and avoid collisions with other vehicles.

4. Defendant Killpack is vicariously liable and responsible for the tortious acts and/or omissions of its officers, directors, employees, agents, managerial agents, safety personnel, and supervisors.

5. At all times mentioned herein, Defendant's driver Ms. Lowe was an employee of Defendant Killpack acting within the course and scope of her employment.

## JURISDICTION & VENUE

6. Plaintiffs allege and incorporate by reference herein, all of the allegations contained in the paragraphs above and further allege as follows:

7. Jurisdiction is based on diversity of citizenship pursuant to U.S.C. §1332. The amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. This Court has both personal and subject matter jurisdiction.

8. Pursuant to 28 U.S.C. §1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The acts and omissions alleged in this complaint occurred in Wyoming.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Defendant Killpack has a duty to adequately screen, hire, train, and supervise its drivers in a manner which ensures safety on public highways.

10. Defendant Killpack placed its driver, Ms. Lowe, on the roadway on May 25, 2018. She was operating a 2018 Volvo, VIN #4V4NC9EH9JN887994.

11. Defendant Killpack approved of and ratified Lowe's May 25, 2018 driving conduct.

12. Defendant Killpack has (and at all times material had) a duty to ensure Ms. Lowe was able to safely perform the duties for which she was responsible behind the wheel of a tractor-trailer.

13. At all times material hereto, Defendant Killpack's driver, Ms. Lowe, was driving a commercial motor vehicle in interstate commerce and was subject to Wyoming traffic laws, trucking safety regulations, and the Federal Motor Carrier Safety Regulations.

14. On May 25, 2018, Ms. Lowe approached a traffic hazard while driving Killpack's tractor-trailer.

15. Ms. Lowe did not safely brake in time to avoid the traffic hazard ahead.

16. Ms. Lowe did not keep adequate lookout to safely navigate the traffic hazard ahead.

17. During approach of the hazard, Ms. Lowe claimed she did not realize that the tractor-trailer of Plaintiff was stopped.

18. To the extent Defendant did not realize Plaintiff's tractor-trailer was stopped in the road, it was because Defendant was not keeping a vigilant lookout.

19. Ms. Lowe tried to go around traffic but instead of choosing to turn right into the empty shoulder she chose to go left into the median.

20. Ms. Lowe, having failed to safely see the hazard, slow, stop, and/or turn to the right, impacted the rear end of Plaintiff's vehicle (hereinafter "the subject collision").

21. Defendant Killpack declined to adequately implement policies, procedures, and trainings to make its drivers safe on the roadways.

22. Leading up to the crash, Defendant Killpack was repeatedly placed on notice of safety concerns with its drivers.

23. A semi driver's hours of service impact alertness, reaction time, and cognitive ability to react appropriately, quickly, and in a safe manner to road hazards. Hours of Service records are important to maintaining both alertness and safety on the roads.

24. In the time leading up to the May 25, 2018 collision, Defendant Killpack's drivers had falsified their records.

25. In the time leading up to the May 25, 2018 collision, Defendant Killpack was aware that its drivers had been found by law enforcement to have falsified their records.

26. On July 5, 2013, the U.S. Department of Transportation sent a letter to Killpack Trucking, stating in part: "A review of Killpack Trucking Inc.'s safety data shows a lack of compliance with motor carrier safety regulations and suggests that your safety performance has fallen to an unacceptable level in the area(s) of **Unsafe Driving**."

27. After receiving the July 5, 2013 letter, Defendant Killpack declined to take adequate and meaningful corrective action which would have made its drivers safe.

28. On September 12, 2016, the U.S. Department of Transportation sent a letter to Killpack Trucking, stating in part: "The Federal Motor Carrier Administration (FMCSA) has noticed a trend in the violations identified during roadside inspections of Killpack Trucking Inc.'s vehicles and/or drivers. Specifically, our records show significant non-compliance in the area(s) of **Hours-of-Service Compliance**. This warning letter formally notifies you of these safety performance and

compliance problem(s). We are bringing these safety deficiencies to your attention so that you can take corrective action."

29. After receiving the September 12, 2016 letter, Killpack Trucking declined to take adequate and meaningful corrective action which would have made its drivers safe.

30. As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiffs suffered injuries, damages, and losses.

## CAUSE OF ACTION

### (Negligence by Defendant Killpack)

31. Plaintiffs allege and incorporate by reference herein all of the allegations contained in this Complaint and further alleges as follows:

32. Defendant Killpack had a duty to responsibly screen, hire, train, and supervise its employees, including Defendant Lowe.

33. Defendant, Killpack breached and violated its duty of reasonable care at the time and place of the events described herein, leading up to and including the collision.

34. Defendant, Killpack owed a duty to the Plaintiff to properly follow and comply with all traffic laws in the State of Wyoming.

35. Such breaches and violations were the direct and proximate cause of Plaintiff's damages, as more specifically detailed in the section of this Complaint entitled "DAMAGES."

36. The acts and omissions constituting such violations and breaches include, but are not limited to, the following:

    a.    Failure to exercise reasonable care under the circumstances;

    b.    Failure to exercise reasonable care in the operation and maintenance of Defendant's vehicle;

  c. Failure to comply with Wyoming Statutes, rules and regulations, which failure amounts to negligence under Wyoming law.

37. The acts and omissions of the Defendant were negligent, grossly negligent, reckless, willful, and wanton.

38. Defendant Killpack's negligent acts and omissions were the proximate cause of Plaintiff's injuries.

39. As a direct and proximate result of the acts and omissions of the Defendant as alleged herein, Plaintiff Renny Harvey sustained serious and permanent personal injuries and economic losses, and suffered damages as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

40. As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by the Defendants, Plaintiff Michelle Smith suffered loss of her husband's consortium, including but not limited to his care, comfort and society.

## DAMAGES

41. Plaintiffs allege and incorporate by reference herein, all of the allegations contained in the paragraphs above and further allege as follows.

42. As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by the Defendants, Plaintiffs suffered injuries including:

  (a) Pain, suffering, and emotional distress, past and future;

  (b) Loss of earnings and earning capacity, past and future;

  (c) Loss of enjoyment of life, past and future;

  (d) Medical expenses, past and future, including the cost of care, which can reasonably be expected to be incurred in the future in an amount to be set forth at trial;

(e) Loss of household services and other pecuniary damages, past and future;

(f) Loss of consortium;

(g) Loss of business opportunity, past and future;

(h) Plaintiff further seeks exemplary or punitive damages if the facts reveal the Defendant acted in a reckless, willful, wanton manner.

(i) Costs of this action, interest and such other damages as are fair and just;

**WHEREFORE,** Plaintiffs Renny Harvey and Michelle Smith request that this Court enter judgment against the Defendant in an amount as supported by the allegations of their Complaint, as follows:

1. Judgment against the Defendant for general damages in an amount consistent with the allegations contained herein and to be proven at trial;

2. Judgment against the Defendant for special damages in an amount consistent with the allegations contained herein and to be proven at trial;

3. Judgment against the Defendant for punitive and exemplary damages in an amount sufficient to punish the Defendants and deter future reckless conduct and to be proven at trial;

4. Judgment for costs and interest; and

5. Such other and further relief as the Court deems just and equitable.

DATED this 2nd day of March, 2020.

_Tamara Schroeder Crolla_
Grant H. Lawson WSB #6-4260
Tamara Schroeder Crolla WSB #6-3976
Metier Law Firm, LLC
4828 S. College Ave.
Fort Collins, Co 80525
(307)-237-3800 Office

(970) 225-1476 Fax
grant@metierlaw.com
tami@metierlaw.com
Attorneys for Plaintiffs